1

2

3

4

5

6

7

8

9               IN THE UNITED STATES DISTRICT COURT

10             FOR THE EASTERN DISTRICT OF CALIFORNIA

11   JOSEPH A. SHERMAN,

12             Plaintiff,                    No. 2:10-cv-3120 GEB JFM (PS)

13        vs.

14   TING SUN, et al.,

15             Defendants.                   ORDER

16   _____/

17        Plaintiff is proceeding in this action pro se.  Plaintiff seeks relief pursuant to and

18   has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This

19   proceeding was referred to this court by Local Rule 72-302(c)(21).

20        Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is

21   unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in

22   forma pauperis will be granted.  28 U.S.C. § 1915(a).

23        The federal in forma pauperis statute authorizes federal courts to dismiss a case if

24   the action is legally "frivolous or malicious," fails to state a claim upon which relief may be

25   granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C.

26   § 1915(e)(2).

1    A claim is legally frivolous when it lacks an arguable basis either in law or in

2    fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

3    28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4    indisputably meritless legal theory or where the factual contentions are clearly baseless.

5    Neitzke, 490 U.S. at 327.

6    A complaint, or portion thereof, should only be dismissed for failure to state a

7    claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

8    of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

9    Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

10   v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

11   complaint under this standard, the court must accept as true the allegations of the complaint in

12   question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

13   pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

14   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15   Plaintiff brings this suit against three individuals employed by the California

16   Commission on Teacher Credentialing ("CTC"), which denied plaintiff's application for

17   reactivation of his Spanish language teaching credential on October 7, 2010.  Although the

18   complaint is not a model of clarity, it appears plaintiff claims defendants relied on plaintiff's

19   unspecified criminal convictions to deny plaintiff's application to reactivate his teaching

20   credential, in which he asserts exists a liberty interest.  Additionally, plaintiff claims that these

21   defendants are conspiring with the Davis Police Department, Yolo County and others to deprive

22   plaintiff of his constitutional right to equal protection, due process, freedom of speech, and

23   freedom of religion.  Plaintiff does not support these theories with reference to material facts.

24   Finally, plaintiff argues that the CTC building's lobby was redesigned during the time in which

25   plaintiff sought reactivation of his certificate, a fact plaintiff relies on to assert that defendants

26   perpetuated "conspiracy of fear, district, & hate toward [plaintiff]."  (Compl. at 5.)  The timing

2

1   of the remodel is actually construed as a violation of plaintiff's Fourth Amendment right to be

2   free from unreasonable government intrusion and a violation of his equal protection rights.  This

3   claim is untenable.

4              Plaintiff's due process argument rests on the premise that he possesses a property

5   interest in a teaching credential and that his due process rights were violated by the defendants'

6   denial of his application for reactivation.  At the core of the due process clause is the right to

7   notice and a hearing at a meaningful time and in a meaningful manner.  Armstrong v. Manzo,

8   380 U.S. 545, 552 (1965).  Ordinarily, due process of law requires an opportunity for some kind

9   of hearing prior to the deprivation of a significant property interest.  Memphis Light, Gas &

10  Water Div. v. Craft, 436 U.S. 1, 19 (1978).  Assuming plaintiff has a liberty interest in a teaching

11  credential, there are no allegations in the complaint that these defendants failed to provide

12  plaintiff with either notice or a hearing or failed to comply in any other way with California law.

13             Further, the Civil Rights Act under which this action was filed provides as

14  follows:

15       Every person who, under color of [state law] . . . subjects, or
         causes to be subjected, any citizen of the United States . . . to the
16       deprivation of any rights, privileges, or immunities secured by the
         Constitution . . . shall be liable to the party injured in an action at
17       law, suit in equity, or other proper proceeding for redress.

18  42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the

19  actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See

20  Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362

21  (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the

22  meaning of  § 1983, if he does an affirmative act, participates in another's affirmative acts or

23  omits to perform an act which he is legally required to do that causes the deprivation of which

24  complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

25             Moreover, supervisory personnel are generally not liable under § 1983 for the

26  actions of their employees under a theory of respondeat superior and, therefore, when a named

3

1  defendant holds a supervisorial position, the causal link between him and the claimed

2  constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862

3  (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S.

4  941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel

5  in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th

6  Cir. 1982).

7          The court has determined that the complaint does not contain a short and plain

8  statement as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible

9  pleading policy, a complaint must give fair notice and state the elements of the claim plainly and

10  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

11  must allege with at least some degree of particularity overt acts which defendants engaged in that

12  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

13  Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

14  file an amended complaint.

15          If plaintiff chooses to amend the complaint, plaintiff must set forth the

16  jurisdictional grounds upon which the court's jurisdiction depends.  Fed. R. Civ. P. Federal Rule

17  of Civil Procedure 8(a).  Further, plaintiff must demonstrate how the conduct complained of has

18  resulted in a deprivation of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir.

19  1980).

20          In addition, plaintiff is informed that the court cannot refer to a prior pleading in

21  order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

22  amended complaint be complete in itself without reference to any prior pleading.  This is

23  because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

24  Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

25  pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

26  /////

4

1   original complaint, each claim and the involvement of each defendant must be sufficiently

2   alleged.

3        In accordance with the above, IT IS HEREBY ORDERED that:

4        1.  Plaintiff's request to proceed in forma pauperis is granted;

5        2.  Plaintiff's complaint is dismissed; and

6        3.  Plaintiff is granted thirty days from the date of service of this order to file an

7   amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,

8   the Local Rules of Practice, and the instant order; the amended complaint must bear the docket

9   number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an

10  original and two copies of the amended complaint; failure to file an amended complaint in

11  accordance with this order will result in a recommendation that this action be dismissed.

12  DATED: December 20, 2010.

14                          UNITED STATES MAGISTRATE JUDGE

16  /014;sher3120.lta